# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN C. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2139-SRC |
| | ) | |
| ST. LOUIS METROPOLITAN POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought under various federal statutes. Having reviewed plaintiff's financial information, the Court will grant the motion. Additionally, for the following reasons, the Court will dismiss the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff files this civil suit against the St. Louis Metropolitan Police Department, citing the following statutory bases for federal jurisdiction: Title VI of the Civil Rights Act of 1964; Title II of the Americans with Disabilities Act of 1990; 18 U.S.C. §§ 241-242, 245; Title VII of the Civil Rights Act; Civil Rights Act of 1866; and 34 U.S.C. § 12601. His allegations arise out of his interactions with several St. Louis City police officers, some of whom responded when plaintiff visited the Social Security Administration[1] and some whom responded to plaintiff's call that a woman was harassing and stalking him.

Because of the nature of plaintiff's claims and his recent prolific and interrelated filings in this Court, his complaint is best understood in context if quoted in full. It states as follows:

> On July 15, 2019, I visited Social Security office located at 717 N. 16th Street who I had recently filed a civil suit against. Two (2) St. Louis City sheriff deputies arrived as soon as I arrived to conduct business. The two (2) sheriff's deputies then stood directly behind me grimacing and in an intimidating manner. I felt intimidated, unsafe and feared for my safety. This police harassment is unacceptable. I have a civil right to go anywhere as long as I'm not breaking any type of law, without fearing for my life, safety and the fear of being harassed. My interaction with social security office that day was totally peaceful and professional. As I was leaving one of the security officers that worked there stated as I was leaving, "hey the[y] came to take you away." I found no humor in this situation. I only felt embarrassed and humiliated. Then to make matters worse, as I drove off the social security parking lot a St. Louis Metropolitan Police officer pulled m[e] over for no apparent reason. When asked why he pulled me over he stated that my tag may be bad. I then told him my tag was good. When I showed the officer a

---

[1] Plaintiff has three pending cases against the Social Security Administration in this Court: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); and *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019). He has filed nine other cases with this Court in the past month: *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, 4:19-CV-2138-NCC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metro. Police Dep't*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019).

ticket from the day before he abruptly gave me my license back and said I could leave.

[O]n July 22, 2019 went back to the same social security office located at 717 N. 16th Street to again discuss issue I was having with the social security office. The social security representative who was assisting me started getting loud, verbally abusive and loud. I called 911 at approximately 3:57 PM requesting to have a St. Louis City Police Officer dispatch[ed] to the location to file a police report and St. Louis City refused to respond. I feel this is a violation of my civil rights because if I would have subjected the social security worker to the same torment and verbal abuse St. Louis City police would have responded to their call and taken a report.

The St. Louis Metropolitan Police located at 1915 Olive St. St. Louis, MO 63101 are conspiring with the social security office to harass me and violate my civil rights. As a U.S. citizen I should be allowed to go anywhere without police harassment and should be able to file a police report to document a crime or possible crime and to protect myself. Everytime I go to the City of St. Louis now I fear for my safety and fear that I will be unfairly treated and harassed by St. Louis City Metropolitan Police. I feel that it is necessary to file a civil suit now due to the fact this has been the 3rd incident in less than 2 months and feel that this harassment and violation of my civil rights will get wors[e] [rather] than better based on St. Louis City Metropolitan prior bad behaviors towards [me].

On August 5, 2019, plaintiff filed a supplement to his complaint, which again is best understood if quoted in full. Plaintiff states as follows:

On August 3, 2019 I was dropping my daughter off at work at the Marriott Hotel located at the intersection of Jefferson and Market St. I then drove across the street and was parking to go into the Syberg restaurant when a white lady in a dark colored Nissan ROGUE SL SUV with Florida tags DAX-A46 expiration 3-20 backed into my car damaging the front bumper. When she was getting out of her vehicle some tall fat black man came from inside the building wearing black pants, black jacket, black T-shirt with fishbone written on it and Black NY baseball cap entered he[r] car.

While exchanging information which I know now was bogus. She stated her name was Megan Elblioumy and she had Geico insurance 4226656611. Megan became [indignant] and loud stating that she wasn't paying for "shit" because my car was already a piece of "shit." I refused to get into a shouting match and left. However, before leaving I took pictures of her, the black male passenger and a picture of the car and her license plates just in case she was lying.

The next day August 4th @ 12:30 am I was picking my daughter up from work at the Marriott and this suspicious vehicle was hi-beams on facing me on the connecting MSD parking lot was none other than the white lady in the Dark Nissan

Rogue at my daughter's place of employment stalking us. I confronted her and asked why are you harassing and stalking me and my daughter at this time of the morning especially at her job? She smirked like a crazy person. So feeling threatened I called 911.

When District 4 St. Louis Metropolitan Police Department Officer Hackett Badge #4788 beat 421 arrived. I approached him with my concerns of harassing and stalking of my daughter and I at her place of employment and told him that the woman had hit my car earlier and that this was not coincidence that this crazy white lady was here at 30 minutes after midnight; that this was blatant stalking and harassment, Officer Hackett who is a white male yelled at me and walked over to the white woman without hearing me out.

Officer Hackett then walked back over to me and lied for the white lady Megan stating that she was a guest at the hotel. I asked which room and he stated none of my business. I said the woman is lying that she wasn't staying there and that she wasn't even parked on the hotel parking lot. She was parked on MSD lot. Officer Hackett yelled she can parked where she wants. I then asked for a police report he said he wasn't going to write one.

I was stunned by this blatant racism, discrimination and violation of my civil rights. I then stated if I as an African American man would have hit the whiter woman's car earlier the day before, was at her son's or daughter's place of employment on the next day 30 minutes after midnight stalking and harassing her you would have wrote a report and arrested me. He smirked in my opinion confirming that he is racist, crooked and a bias officer of the law and should be reprimanded and fired from the force, because there is no reason for him to get verbally abusive with me and I am the victim and called 911.

Unsatisfied with my treatment a little after 1 am I then went directly to the precinct located at 919 North Jefferson, St. Louis, Missouri 63106. However fearing for my safety I called 911 again and told them about what had transpired and 911 contacted the precinct and about 15 minutes later Sergeant Joseph Marcantano came to the window. He already had been directed by his superiors to deny my civil rights, because he refused to take a report too. He came out yelling and frowning with a look of racial hatred and disgust. He too tried to say that the white lady that was harassing me and stalking me was actually a guest in the hotel and that I already had gotten her information from the accident earlier. I asked had he confirmed if she actually was a guest at the hotel and he got quiet. I know she was lying, because picked up the black male passenger from the Pear Tree hotel across the street and they stated that she and the black male were actually staying there. I then said that it is a violation of my civil rights and discrimination to not take my valid report even after 911 stated you should have. Sergeant Joseph Marcantano smirked again and said he was not going to take a report and he doesn't care if I file a civil suit, contact the FBI or his superiors less about my rights. Then I reiterated that if the 911 caller was a white woman and I as an African American male was the culprit

4

you and your police department would have called out the Calvary and then with a racist smirked stated, "If you call 911 on me again, I'm arresting you." I said oh you want to arrest me now, but not the white woman? This is what you wanted to do the whole time and then I asked what law states I have a limit on my valid 911 calls; to that he had no answer then he said two (2) and I'm over the limit already. In essence, Sergeant Joseph Marcantano is a racist bigot white police officer and should be fined, fired, suspended and reprimanded for his blatant disregard for the rights of every citizens regardless of race, Creed, or color. [I]t also must be noted that he literally stated he doesn't care about civil suits, FBI, Department of Justice or his superiors.

My ex-wife happened to be on the parking lot at the Marriott too and she can bear witness to everything that transpired. If she was not there I know my ex-wife stated that St. Louis Metropolitan police would have harmed and mistreated me even more. Just because I'm an African American male reporting crimes committed by a white woman and also because I already have a Federal civil suit ongoing against the St. Louis Metropolitan Police for racism, civil corruption by different officers. I honestly believe that the St. Louis Metropolitan Police Department is infested with brutal racist police officers from the top down.

. . . .

## Discussion

Plaintiff's complaint will be dismissed on initial review. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Therefore, plaintiff's civil rights complaints against the St. Louis Metropolitan Police Department fail as a matter of law. *See, e.g.*, *Ballard v. Missouri*, No. 4:13-CV-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

Although plaintiff has listed many other federal statutes that he believes the St. Louis City Police Department has violated, many of the statutes simply do not apply to the instances outlined in the complaint. For example, there is no indication plaintiff was in an employment relationship

5

with the Social Security Administration, therefore Title VII of the Civil Rights Act of 1964 does not apply to plaintiff. Additionally, plaintiff has not indicated that he suffers from a disability, nor has he shown that he is a member of a protected class. Therefore, the ADA, the Rehabilitation Act and § 1981 simply do not apply in this case. And there is no private right of action for criminal conspiracy under 18 U.S.C. §§ 241, 242.

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot.** [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of August, 2019.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE